Per Curiam.

The proceedings in this case have been most unusual. On September 25, 1947, a filiation order was unanimously granted adjudging the defendant to be the father of a child born to complainant on March 6,1944. Thereafter defendant moved for a new trial which, on February 5, 1948, was unanimously denied. Defendant then appealed to this court from the filiation order and denial of his motion for a new trial. Both of these orders were unanimously affirmed by this court. (275 App. Div. 652.) Thereafter defendant moved before the Court of Special Sessions to vacate the order of filiation on a writ of coram nobis, which motion was unanimously denied on March 10,1950. Finally, defendant moved for a new trial on the basis of certain exculpatory letters written by complainant to defendant which were before the court on the trial itself and on the basis of certain alleged proof of sterility on the part of defendant which was available to him at the trial and on the first motion for a new trial. Surprisingly enough, this last motion for a new trial was granted by the court below, one Justice dissenting. HoAvever, Ave are without power to hear an appeal from an order of the Court of Special Sessions granting a neAV trial in paternity proceedings. Subdivision 1 of section 76 of the NeAv York City Criminal Courts Act permits an appeal only “ from any final order or judgment of the court, provided for in this article, to the appellate division of the supreme court * * An order granting a neAV trial is not a “ final order ” in the proceeding. The appeal, therefore, is dismissed, without costs.
The order denying complainant’s motion to remove the commissioner of welfare and to substitute her oato. attorney for complainant in the place and stead of the corporation counsel should be affirmed, without costs. It is true that the corporation counsel joined in the instant application for a new trial but the complainant throughout the entire proceedings was repre *390 seated by her own attorney and there is no reason to believe that she will not be permitted to be so represented on the new trial.
Peck, P. J., Glennon, Cohn, Callahak and Shientag, JJ., eoncur.
(3754) Appeal unanimously dismissed. (3755) Order unanimously affirmed. [See post, p. 1104.]